# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### July 26, 2016 Session

## STATE OF TENNESSEE v. BRYANT JACKSON HARRIS

**Appeal from the Criminal Court for Hawkins County**
**No. 12CR218          John F. Dugger, Jr., Judge**

_____

**No. E2015-01724-CCA-R3-CD – Filed November 4, 2016**

_____

THOMAS T. WOODALL, P.J., concurring.

I write separately to express my opinion that the trial court erred in its attempted curative instruction to the jury during cross-examination of Defendant. As noted in the majority opinion in its analysis of the mistrial issue, the prosecutor asked Defendant, "And it's true . . . that you never told any police officer that came to the scene any of this, right?" Defendant objected on the basis that the question violated his constitutional right to remain silent. The trial court sustained Defendant's objection. However, in the trial court's attempt to minimize damage caused by the prosecutor's question, the instruction to the jury included that, "The defendant has a constitutional right *against self-incrimination*."

The express terminology "against self-incrimination" is not contained in either the Fifth Amendment of the United States Constitution, nor in Art. I, § 9 of the Constitution of Tennessee. In the Fifth Amendment, an accused cannot "be compelled in any criminal case to be a witness against himself." In Art. I, § 9, it is stated that an accused "shall not be compelled to give evidence against himself." The gratuitous statement of the trial court, quoted above, implies that anything Defendant said to the police at the scene would have been incriminating. An accused can constitutionally remain silent whether his/her statements, if given, would be inculpatory, exculpatory, or a combination of these two characterizations. For that reason, the terminology that an accused "has the right to remain silent" has been appropriately "judicially articulated" as noted by the majority opinion. The fact that it has been "judicially articulated" is a strong precedent for its use.

Despite error by the trial court in its "curative" instruction, I conclude the error is harmless beyond a reasonable doubt since the objection was sustained prior to any answer to the question being given by Defendant.

_____
THOMAS T. WOODALL, PRESIDING JUDGE